08-6281-cr
USA v. Vargas

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-first day of May, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT A. KATZMANN,
> DENNY CHIN,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                       No.  08-6281-cr

TOMAS VARGAS,

> *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**     BRENDAN WHITE, White & White, New York, NY.

**FOR APPELLEE:**     KATHERINE POLK FAILLA, Assistant United States Attorney (Preet Bharara, United States Attorney, Sarah Y. Lai, Assistant United States Attorney, *on the brief*), Office of the United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Tomas Vargas ("defendant" or "Vargas") appeals from a judgment of conviction entered December 22, 2008. Defendant was convicted, after entering a plea of guilty, of one count of conspiracy to launder narcotics proceeds in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and thereafter sentenced principally to 121 months' imprisonment. On appeal, defendant challenges only his sentence, arguing that the District Court's denial of a downward adjustment for his "minor role" in the offense was clearly erroneous. We assume the parties' familiarity with the remaining factual and procedural history of the case.

"We review for clear error a sentencing court's finding that a defendant did not play a minor role in the offense." *United States v. Brunshtein*, 344 F.3d 91, 102 (2d Cir. 2003) (quoting *United States v. Castano*, 234 F.3d 111, 113 (2d Cir. 2000)). A defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a minor role adjustment. *Id.*

Section 3B1.2(b) of the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") provides that a defendant's offense level shall be decreased by 2 levels if the defendant was a "minor participant" in the offense. U.S.S.G. § 3B1.2(b). The commentary to that Guideline defines "minor participant" as a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* cmt. n.5. The commentary also makes clear that no mitigating role adjustment is appropriate unless a defendant is "*substantially* less culpable than the *average participant*." *Id.* cmt. n.3(A) (emphases added); *cf. Stinson v. United States*, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.").

2

We have long recognized that defendants—such as Vargas—whose role in a criminal enterprise is merely that of courier are not automatically entitled to a "minor role" adjustment. *United States v. Garcia*, 920 F.2d 153, 155 (2d Cir. 1990). Rather, "[t]he culpability of a defendant courier must depend necessarily on such factors as the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." *Id.*

Applying those factors, we have little trouble concluding that the District Court's finding that Vargas was not entitled to a minor role adjustment was not clearly erroneous. First, defendant's "relationship to other participants" suggests that he was not a minor participant. *See id.* Although Vargas did not personally carry any currency, his girlfriend acted as the primary courier with Vargas following closely behind in a separate car. The manner in which the criminal activity occurred suggests that Vargas and his girlfriend acted as partners. At the very least, there is no evidence that Vargas's role was subordinate. It was certainly not "clear error" for the District Court to find that Vargas did not play a subordinate role merely because he rode in a separate car and did not personally handle any currency. *See Brunshtein*, 344 F.3d at 102.

Vargas's "awareness of the nature and scope of the criminal enterprise" also supports the District Court's finding that he was not a minor participant. *See Garcia*, 920 F.2d at 155. By entering a plea of guilty, Vargas admitted to attempting to conceal the proceeds of narcotics sales. He further admitted to knowing that approximately $500,000 was being transported and that it was destined for a foreign country. Finally, Vargas knew of and had been inside the building where the narcotics proceeds were being stored prior to transport. It was, therefore, not clearly erroneous for the District Court to find that defendant's "awareness of the nature and scope of the criminal enterprise" exceeded that of a "minor participant." *See id.*; *see also* U.S.S.G. § 3B1.2(b) & cmt. n.5.

In sum, we conclude that the District Court did not commit "clear error" in finding that defendant was not a "minor participant" in the charged offense or in declining to reduce his offense level accordingly. *See Brunshtein*, 344 F.3d at 102.

## CONCLUSION

We have considered all of defendant's arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3